IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. ROBINSON, # 184226, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv462-MHT |
| | ) | (WO) |
| CARTER DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Michael A. Robinson ("Robinson") on June 30, 2015.[1] Doc. No. 1.[2] Robinson challenges his 2012 guilty plea conviction in the Barbour County Circuit Court for the offense of unlawful distribution of a controlled substance. He was sentenced under Alabama's Habitual Felony Offender Act ("HFOA") to 25 years in prison. He presents claims that (1) his guilty plea was involuntary and unknowing; (2) he was not indicted properly before a grand jury; (3) his trial counsel was ineffective (on various grounds); (4) he was not given adequate notice that his prior felony conviction would be used to sentence

---

[1] *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988) (discussing the "mailbox rule"); Rule 3(d) of the Rules Governing Section 2254 Cases in the U.S. District Courts (incorporating the mailbox rule for habeas petitions).

[2] Document numbers ("Doc. No.") are those assigned by the clerk of court in this action. Page references are to those assigned by CM/ECF.

him under the HFOA; and (5) the State did not prove his prior conviction. Doc. No. 1 at 5–13; Doc. No. 2.

The respondents argue that Robinson's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. No. 8. The court agrees and finds that Robinson's petition should be denied without an evidentiary hearing.

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. State Court Proceedings

On February 22, 2012, Robinson entered a guilty plea in the Barbour County Circuit Court to the offense of unlawful distribution of a controlled substance, in violation of § 13A-12-211, Ala. Code 1975. *See* Doc. No. 8-1 at 1. On that same date, the trial court sentenced Robinson under Alabama's HFOA to 25 years in prison. *Id*. Robinson took no direct appeal.

On September 9, 2013, Robinson filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 8-3. The Rule 32 petition presented essentially the same claims Robinson now presents here. *Id*. The trial court denied the Rule 32 petition on November 6, 2013, and Robinson appealed. Doc. No. 8-2 at 1. On November 14, 2014, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion, holding that Robinson's Rule 32 petition was untimely filed under the one-year limitation period in Ala.R.Crim.P. 32.2(c). Doc. No. 8-4. After Robinson's application for rehearing was overruled, he filed a petition for writ of certiorari with the Alabama Supreme Court. That petition was denied by the Alabama Supreme Court on February 13, 2015, and a certificate of judgment issued on the same date. *See* Doc. No. 8-5.

### C. Application of 28 U.S.C. § 2244(d)(1)(A)

Because Robinson pursued no direct appeal, his conviction became final under § 2244(d)(1)(A) on April 4, 2012, forty-two days after his February 22, 2012 sentencing, i.e., when his time lapsed under Alabama law to file timely notice of appeal. *See* Ala.R.App.P. 4(b)(1) (criminal defendant has 42 days from sentencing to file notice of appeal); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). The one-year period for Robinson to file a § 2254 petition thus commenced on April 4, 2012. *See* 28 U.S.C. § 2244(d)(1)(A). Absent tolling, Robinson had until April 4, 2013, to file his § 2254 petition.

### D. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *McCloud*, 560 F.3d at 1227. Robinson filed a Rule 32 petition in the state trial court on September 9, 2013. That filing, however, had no tolling effect under § 2244(d)(2) because it came after expiration of AEDPA's one-year limitation period, which ran unabated for the full year between April 4, 2012, and April 4, 2013. The tolling provision of § 2244(d)(2) serves only to pause the clock that has not fully run. Once AEDPA's one-year limitation period has expired, collateral state petitions can no longer serve to avoid a statute of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll

AEDPA's one-year limitation period under § 2244(d)(2) if the limitation period has expired prior to filing the Rule 32 petition).[3]

The tolling provisions of § 2244(d)(1)(B)–(D) do not provide safe harbor for Robinson so that AEDPA's limitation period commenced on some date later than April 4, 2012, or expired on some date later than April 4, 2013. Robinson does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). There is no evidence that any unconstitutional or illegal State action impeded Robinson from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Robinson presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Robinson submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

**E.  Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of*

---

[3] Robinson's Rule 32 petition had no tolling effect under § 2244(d)(2) for another reason as well. Because the state courts rejected the Rule 32 petition as untimely (under Ala.R.Crim.P. 32.2(c)), the petition is not considered "properly filed" within the meaning of § 2244(d)(2). *Snowden v. Hetzel*, No. 2:11cv379-WHA, 2014 WL 1764457, at *4 (M.D. Ala. Apr. 30, 2014); *see Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

*Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Robinson argues he is entitled to equitable tolling because his trial counsel, Lance Abbott, assured him immediately after the sentencing hearing that he would file a direct appeal on his behalf but then failed to do so, essentially abandoning him in neglect of his obligations as his counsel.[4] Doc. No. 26 at 1–2 and 16. While providing little factual detail, Robinson alleges he made "many" attempts after his sentencing to contact Abbott to learn the status of his appeal, to no avail. *Id.* at 15–21 and 34. According to Robinson, Abbott "evaded" his phone calls and failed to respond to his letters inquiring about his appeal. *Id.* at 17 and 34. Although Robinson does not specify when he first discovered Abbott filed no appeal on his behalf, he maintains he did not learn Abbott had failed to do so until it was legally "too late." *Id.* at 17.

Under the first requirement of equitable tolling, the petitioner must pursue his rights with "reasonable diligence" rather than "maximum feasible diligence." *Holland*, 560 U.S. at 653. To establish diligence, the petitioner must present evidence showing reasonable

---

[4] *See Maples v. Thomas*, 132 S.Ct. 912, 924 (2012) (recognizing attorney abandonment as "cause" to excuse a procedural default).

6

efforts to timely file the action. *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). "[A] petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin v. McNeil*, 633 F.3d 1257, 1269 (11th Cir. 2011). Although Robinson alleges he made many attempts to contact Abbott about the status of his direct appeal, he makes no allegation that he attempted to contact the state trial court or the Alabama Court of Criminal Appeals to determine the status of his appeal. The absence of any response from Abbott (as Robinson alleges) would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of his appeal. With a letter or telephone call to the clerk of the state appellate court or the state trial court, Robinson could have immediately determined that no notice of appeal had been filed. Failing to take that simple step precludes a finding of due diligence.

As noted above, other than to say he did not learn Abbott had filed no appeal until it was legally too late for him to appeal, Robinson fails to specify the date when he discovered this fact. Absent specificity in this regard, it must be presumed Robinson made this discovery within AEDPA's one-year period for him to seek federal habeas relief. That Abbott had filed no appeal from his conviction and sentence did not render it impossible for Robinson, with the exercise of reasonable diligence, to file a timely § 2254 petition in this court. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have "fil[ed] at least a basic pro se habeas petition" at the time petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer

7

adequately represent him). After his February 2012 sentencing, Robinson's next apparent contact with the courts came over 18 months later, on September 9, 2013, when he filed a Rule 32 petition in the state trial court. It would have been clear to Robinson by the time he filed his Rule 32 petition that no direct appeal had been filed in his case. Even so, Robinson presented no claim in his Rule 32 petition alleging that Abbott was ineffective for failing to file a direct appeal, although he asserted several other claims of ineffective assistance of counsel against Abbott. Thus, it appears Abbott's failure to file an appeal was less of a concern for Robinson when he had an opportunity to vindicate his rights in the state courts than it evidently has become for him in this federal habeas proceeding, where he asserts Abbott's failure in this regard as grounds for excusing his untimely federal filing.[5]

That a direct appeal had not been filed in Robinson's case was a matter of public record. It is obvious from the face of the § 2254 petition and the record that a duly diligent person in Robinson's circumstances could have unearthed that information any time after the 42-day deadline for filing the appeal passed. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin,* 633 F.3d at 1267; *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the

---

[5] The court notes that approximately four and a half months passed after conclusion of the state court proceedings on his Rule 32 petition before Robinson filed his § 2254 petition in this court.

extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown*, 322 F.3d at 773. Under the facts discussed above, the connection between Abbott's failure to file a direct appeal and alleged "abandonment" of Robinson—the "extraordinary circumstance" posited by Robinson—and Robinson's subsequent delay in pursuing his rights is too attenuated to justify equitable tolling. In short, the court concludes that Robinson's failure to exercise reasonable diligence in learning that no direct appeal had been filed, and his failure to act diligently after he learned this fact, broke any alleged link between counsel's inaction and Robinson's late filing and defeats his eligibility for equitable tolling.

## F. Actual Innocence

The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Although Robinson does not expressly invoke the doctrine of actual innocence as grounds for avoiding AEDPA's time-bar, he cursorily asserts that he is actually innocent and suggests that, had his counsel conducted adequate pretrial investigation in his case, such investigation "probably would [have] prove[d]" he as actually innocent of the crime

9

of which he was convicted. Doc. No. 1 at 14. Unfortunately for Robinson, these bare assertions fall far short of meeting the standard for actual innocence elaborated in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

As Justice O'Connor emphasized in *Schlup,* the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Robinson's is not such a case. His cursory assertion of actual innocence points the court to no "new reliable evidence," much less to evidence that, if presented at trial, would make it more likely than not that no reasonable juror would have convicted him. 513 U.S. at 327.

Robinson filed his § 2254 petition on June 30, 2015—well after the April 4, 2013 expiration of the federal limitation period. His petition is time-barred under AEDPA, and he has not demonstrated that he is entitled to either equitable tolling or the exception of "actual innocence." Consequently, his habeas claims are not subject to further review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before June 7, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of May, 2017.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE